451 So.2d 1346 (1984)
STATE of Louisiana
v.
Herman HILLS.
No. KA 84 0006.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Ossie Brown, Dist. Atty. by Jeffrey Hollingsworth, Brenda Creswell, Asst. Dist. Attys., Baton Rouge, for plaintiff-appellee.
Alex W. Wall, Jr., Baton Rouge, for defendant-appellant.
Before COVINGTON, C.J., and COLE and SAVOIE, JJ.
*1347 COLE, Judge.
The sole issue in this appeal is sufficiency of the evidence.
D. Herman Hills was charged by bill of information with being a convicted felon in possession of a firearm. He was tried before a judge alone, found guilty and sentenced to imprisonment at hard labor for a period of three years, without benefit of probation, parole or suspension of sentence, and ordered to pay court costs.
On October 9, 1980, a police officer observed defendant commit two traffic violations. Following pursuit by the officer, defendant stopped his vehicle approximately five blocks from the point at which he was originally observed. After defendant exited his car, the officer approached it and noticed a gun laying in plain view on the floorboard near the accelerator. Defendant was arrested on traffic charges and the gun was seized. The present charge was added when it was discovered that defendant had a 1975 conviction for one of the felonies enumerated in La.R.S. 14:95.1(A).
On appeal defendant argues the trial court erred in denying his motion for a directed verdict of acquittal since there was insufficient evidence to prove either that he was in possession of a firearm as requiredfor conviction under La.R.S. 14:95.1, or that he had intent to be in possession of a firearm.[1] We disagree.
La.Code Crim.P. art. 778 provides that in a trial before a judge alone, the court shall enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. The applicable standard for reviewing sufficiency is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. See, La.Code Crim.P. art. 821; State v. Walker, 447 So.2d 54 (La.App. 1st Cir.1984).[2]
Actual physical possession of a firearm upon the person of the accused is not required for violation of La.R.S. 14:95.1(A). Constructive possession of a firearm satisfies the possessory element of this provision. State v. Day, 410 So.2d 741 (La. 1982), rehearing denied 1982. Constructive possession is a legal term describing the situation in which a person who is not in actual physical possession of an object can nevertheless be considered in legal possession of the thing if it is subject to his dominion and control. State v. Cann, 319 So.2d 396 (La.1975).
Although the record owner of the car was not established at trial, defendant had sole dominion and control over it and its contents at the time of his arrest. He was the driver and only occupant of the car. Thus, although his dominion and control may have been temporary, it was complete at that time. Further, the arresting officer testified the gun was in such a position next to the accelerator that anyone operating the car could not have failed to notice it. We find this evidence sufficient to prove the possessory element of La.R.S. 14:95.1.
Defendant also argues the evidence is insufficient to prove he had the requisite intent to possess a firearm. Violation of La.R.S. 14:95.1 requires only general criminal intent, which means that the circumstances indicate that the accused "in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La. R.S. 14:10(2); State v. Godeaux, 378 So.2d 941 (La.1979), rehearing denied 1980. Although the existence of intent is a question of fact, it need not be proven as such, but may be inferred from the circumstances of a transaction. La.R.S. 15:445. We conclude the requisite intent can reasonably be inferred from the facts of the present case, in particular, the position of the gun next *1348 to the accelerator of the car driven by and under the exclusive control of defendant.
Thus, considering the evidence in the light most favorable to the prosecution, the state has proven every element of the crime beyond a reasonable doubt. Accordingly, for the above reasons, we affirm defendant's conviction.
However, we note, ex proprio motu, as error patent on the face of the record the fact that no fine was imposed upon defendant as required by La.R.S. 14:95.1.[3] See, State v. Booth, 347 So.2d 241 (La.1977). The sentence imposed upon defendant is therefore unlawfully lenient. Accordingly, it must be vacated and this case remanded to the trial court for resentencing in order that a fine may be imposed. La.Code Crim.P. arts. 882, 916, 920(2); State v. Gatlin, 445 So.2d 47 (La. App. 4th Cir.1984). Also see, State v. Thomas, 439 So.2d 629 (La.App. 1st Cir. 1983), writ application pending; State v. Jackson, 439 So.2d 622 (La.App. 1st Cir. 1983), writ granted in part, denied in part, 443 So.2d 1123 (La.1984).
For the above reasons, defendant's conviction is affirmed, but his sentence is vacated and this case is remanded to district court for the imposition of a new sentence in accordance with the opinions expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
NOTES
[1] The proper procedural designation for a directed verdict, sought at a criminal bench trial, is motion for acquittal. La.Code Crim.P. art. 778.
[2] Rendered February 28, 1984; Numbers 83KA1020 and 83KA1021.
[3] The present case is distinguishable from State v. Williams, 439 So.2d 387 (La.1983), since in Williams the statute in question, unlike La.R.S. 14:95.1, provides only for a maximum and not a minimum fine, thus making the imposition of a fine discretionary.