625 So.2d 206 (1993)
STATE of Louisiana
v.
Lester Lavan THOMAS, Defendant-Appellant.
No. CR93-128.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1993.
*207 Don M. Burkett, Many, for State of La.
W. Charles Brown, Mansfield, for Lester Lavan Thomas.
Before LABORDE, THIBODEAUX and SAUNDERS, JJ.
SAUNDERS, Judge.
Defendant, Lester Lavan Thomas, was charged by bill of information with possession of a firearm by a felon, a violation of LSA-R.S. 14:95.1. Defendant waived formal arraignment and entered a plea of not guilty to this charge. Trial by jury began on June 24, 1992. On June 25, 1992, the jury returned a verdict of guilty as charged. The jury was orally polled and the trial court stated that the verdict was eleven to one. On October 29, 1992, defendant was sentenced to be confined to the Louisiana Department of Corrections, at hard labor, for a period of seventy-two (72) months, without benefit of parole, probation or suspension of sentence. On November 30, 1992, defendant filed a Motion to Reconsider Sentence which was subsequently denied by the trial judge.
Defendant now appeals alleging two assignments of error.

FACTS
Marvin Fletcher, defendant's parole officer, testified at trial that the defendant was on parole until January 15, 1992. The defendant was serving a six year sentence for two counts of simple burglary of an inhabited dwelling. On February 17, 1992, the defendant entered the Many Pawn Shop and pawned a Winchester (30/30) rifle. Barbara Lopez, an employee of the Many Pawn Shop, testified that she checked the driver's license of the person pawning the rifle and it belonged to Lester L. Thomas, the defendant herein.
On a weekly basis, the Many City Police obtains copies of all transactions at the pawn shop, according to Louisiana law. Officer Richard Martone of the Many City Police examines copies of all pawn shop transactions as part of his duties. Officer Martone testified that on February 24, 1992, while examining pawn shop tickets, he came across the defendant's pawn shop ticket. Knowing that the defendant was a convicted felon and in violation of the law, Officer Martone proceeded to the jail where the defendant was incarcerated on other charges. Officer Martone advised the defendant of his rights and then questioned him concerning the pawn ticket. Officer Martone testified that the defendant acknowledged that it was his signature on the pawn ticket. He further testified that the defendant initially told him he had pawned the rifle but then said it was someone else who was with him. The defendant then refused to answer any further questions. Defendant's father, Walter Thomas, the owner of the rifle, testified that the defendant wanted to borrow some money from him, but that he did not have any money so he gave the rifle to the defendant to pawn. On February 24, 1992, the defendant was arrested for possession of a firearm by a felon, a violation of LSA-R.S. 14:95.1.

ERRORS PATENT
LSA-C.Cr.P. art 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings *208 and without inspection of the evidence.
In accordance with this article, all appeals are reviewed for errors patent on the face of the record. We have found two errors patent in this case.
LSA-R.S. 14:95.1 carries a penalty of imprisonment "at hard labor for not less than three nor more than ten years without the benefit of probation, parole or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars." No fine was imposed in the present case. However, since this resulted in an illegally lenient sentence and no one objected, this court will not consider this error.
LSA-C.Cr.P. art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows that the trial court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and, thus, is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. art 921. The three year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. arts. 914 or 922, so prescription is not yet running. The purpose of the notice of Article 930.8(C) is to inform the defendant of the prescriptive period in advance. Therefore, the district court is directed to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received said notice in the record of these proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3d Cir.1993).

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, the defendant contends that the evidence, when viewed in a light most favorable to the state, was insufficient to prove defendant's guilt beyond a reasonable doubt.
Under the Jackson v. Virginia standard of review, when the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982). It is the role of the fact finder to weigh the respective credibility of the witnesses, and, therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. To convict the defendant of possession of a firearm by a convicted felon, the state is required to prove beyond a reasonable doubt (1) possession of a firearm; (2) conviction of any enumerated felony; (3) absence of the ten year statutory period of limitation; and, (4) general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983); State v. Lewis, 535 So.2d 943 (La.App.2d Cir.1988), writ denied, 538 So.2d 608 (La.1989).
Defendant argues that the state failed to prove "possession" of a firearm, the absence of the ten year statutory period of limitation and the general intent to commit the offense. Defendant argues that, although he had the rifle for a brief time while taking it to the pawn shop, his father, Walter Thomas, was the true owner of the rifle and exercised control and dominion over the rifle at all times.
After a thorough review of the record, we find that the defendant had actual possession of the rifle. Whether the defendant had actual and physical control of the rifle for two hours or two weeks is irrelevant. The testimony at trial established that the defendant did, in fact, have a firearm in his possession even if his father was the true owner. In State v. Major, 604 So.2d 137 (La.App.2d Cir.1992), writ denied, 609 So.2d 255 (La. 1992), the court found that the defendant had possession of a firearm when he went into a pawn shop and pawned the firearm, even *209 though the defendant testified that he never actually handled the firearm and was only pawning it as a favor for a friend. In the instant case, defendant's argument that he was possessing the firearm for his father has no bearing on whether he was a convicted felon in possession of a firearm. Accordingly, this assignment of error is without merit.
Defendant also argues that the state failed to prove the predicate felony conviction and the absence of the ten year statutory period. In attempting to prove that the defendant was a felon convicted of an enumerated felony under LSA-R.S. 14:95.1 and that ten years had not elapsed since the completion of his sentence, the state called Marvin Fletcher of the Louisiana Department of Corrections, Division of Probation and Parole. Mr. Fletcher testified at trial that the defendant was presently on parole having been released on parole on January 15, 1992. The minute entries filed into the record reveal the defendant was serving a six year total sentence on two counts of simple burglary of an inhabited dwelling. The record also reflects that defendant's counsel failed to object to the testimony of Mr. Fletcher nor did counsel present any questions to him. Accordingly, we find that the state sufficiently established that the present crime occurred within ten years of a prior felony and thus, this issue lacks merit.
Defendant further argues that the state failed to prove that he had the intent to commit the crime charged. Defendant argues that his "only intent was to obtain some funds through the use of his father's Winchester Rifle." Conviction for possession of a firearm by a convicted felon requires only a general criminal intent. State v. Hills, 451 So.2d 1346 (La.App. 1st Cir.1984), reversed in part on other grounds, 457 So.2d 1183 (La.1984). General criminal intent means the circumstances indicate that the accused "in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." LSA-R.S. 14:10(2). Although the existence of intent is a question of fact, it need not be proven as such, but may be inferred from the circumstance of a transaction. We find that the requisite intent needed to commit the crime can reasonably be inferred from the testimony adduced at trial. Therefore, this issue is also without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the trial judge erred in failing to give the factual basis for choosing to impose the maximum sentence under the guidelines. Defendant argues that this court should set aside his sentence and remand for resentencing for the failure of the trial judge to comply with LSA-C.Cr.P. art. 894.1.
After a review of defendant's presentence investigation report (PSI), we conclude that the Department of Public Safety and Corrections, Division of Probation and Parole, for the Natchitoches District incorrectly determined defendant's grid cell to be "5A" under the new sentencing guidelines. Therefore, the incorrect grid cell was used by the trial court for sentencing and the defendant was erroneously sentenced.
In order to determine defendant's appropriate grid cell, we will set out below the method of calculating the correct grid cell for the defendant.
First, we determine the seriousness level of the offense of conviction. Defendant was convicted of possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. This crime is classified as a grid level 5 in the sentencing guidelines.
Next, we must determine the defendant's criminal history score. This is done by considering defendant's prior criminal history. The PSI compiled in the present case shows defendant was convicted of the following misdemeanors:
Possession of marijuana on February 23, 1983
Possession of marijuana on July 29, 1987
Driving while intoxicated on December 14, 1988
Each of these misdemeanors count as .25 points, for a total of .75 points for misdemeanor convictions.
We must next calculate the number of points for each prior felony convictions. Defendants *210 PSI reveals that he entered a plea of guilty to two counts of simple burglary on August 3, 1989. Sentencing Guidelines § 205(c)(3)(f) provides that in the event that there are multiple convictions on the same day, only the most serious conviction should be used in calculating the defendant's criminal history score. Thus, we will count only one simple burglary for a total of 2 points. Simple burglary is a grid level four, Sentencing Guidelines § 402.D, and a crime seriousness level four is worth two criminal history index points. Sentencing Guidelines § 402.A.[1] This prior felony conviction is not within the same crime family as the present offense, resulting in no additional points.
Lastly, the PSI reveals that defendant was paroled on January 15, 1992, on the two simple burglary counts. The present offense of conviction occurred on February 17, 1992, and his parole was revoked on July 8, 1992. Thus, one point should be added since the defendant was in custody status at the time of the offense and conviction. Sentencing Guidelines § 205.C(3)(d).
In summary, the following is the calculation of defendant's criminal history score:

 .75 Misdemeanor convictions
2.00 Prior simple burglary
1.00 Custody status
----
3.75 Defendant's criminal history score

A criminal history score of 3.75 places the defendant in a "C" classification. Thus, the defendant falls within the "5C" grid cell. This grid cell calls for a sentence ranging between 46-36 months. Although this falls within the discretionary sanction zone, defendant is not eligible for probation. Thus, incarceration is the appropriate sentencing choice.
The PSI classified defendant to fall within a "5A" grid cell and the trial court, relying on the PSI, sentenced defendant to seventy-two (72) months, the maximum within this cell, without setting forth any aggravating factors warranting an upward departure. We feel that defendant's offense and conviction were such that he, in fact, warranted a sentence within the lower range of the grid cell. We note two strong mitigating factors applicable to this case which would support a sentence in this lower range: (1) the defendant committed the offense without significant premeditation; (2) the defendant cooperated with law enforcement officials with respect to the current crime of conviction. Defendant confessed to the present conviction and asserts that he never intended to use the weapon in the commission of a crime, but used it only for the purposes of pawning it. The weapon was pawned and was never actually found by law enforcement in defendant's possession. Defendant's possession of the weapon did not result in its use in an illegal or threatening manner.
In further support of mitigating factor number 2, we note that there was no ammunition in the rifle or in defendant's possession. We feel that this is a very substantial mitigating circumstance as a gun without ammunition poses only a limited threat to society. These factors should be taken into consideration by the district court in the resentencing of defendant.
For the foregoing reasons, we set aside defendant's sentence and remand this case to the district court for resentencing. We direct the trial court to resentence defendant under a "5C" grid cell. Further, if the trial court determines that this court's calculations are in error or that a sentence between 46-36 months does not fit this crime and the defendant, the trial court is directed to set forth its calculation on the record in sufficient detail to allow for further review, including any mitigating or aggravating facts it deems appropriate to the present case.

CONCLUSION
For the foregoing reasons, the conviction of defendant, Lester Lavan Thomas, is affirmed. The evidence presented at trial, when viewed in the light most favorable to the prosecution, was sufficient to find that *211 the state proved the elements of LSA-R.S. 14:95.1 beyond a reasonable doubt.
The district court is directed to inform the defendant of the prescriptive period for post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received such notice in the record of these proceedings.
Defendant's sentence is set aside and this case is remanded to the district court for resentencing under a "5C" grid cell in accordance with this opinion. The district court is further directed to set forth in the record sufficient detail of the mitigating or aggravating circumstances considered in the resentencing.
AFFIRMED IN PART, WITH INSTRUCTIONS; REMANDED.
NOTES
[1] Note the PSI refers to the August 3, 1989, convictions as both simple burglary and simple burglary of an inhabited dwelling. Simple burglary of an inhabited dwelling has a crime seriousness level three, however, the criminal history index points is still two making this difference insignificant for the purpose of this determination.