704 So.2d 324 (1997)
STATE of Louisiana
v.
Sir Knight RECARD, Defendant.
No. CR97-754.
Court of Appeal of Louisiana, Third Circuit.
November 26, 1997.
*326 Gary C. Tromblay, Houma, Earl Taylor, District Atty., Opelousas, for State.
Paula C. Marx, Lafayette, for Sir Knight Ricard.
Before SAUNDERS, PETERS and AMY, JJ.
SAUNDERS, Judge.
On May 24, 1996, the Defendant, Sir Knight Recard, was charged with possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. A motion to recuse the prosecutor was filed by appellant and was heard on November 6, 1996. The court denied the motion on that date.
Jury trial commenced on November 19, 1996. At the conclusion of the trial, the jury returned a guilty verdict on the charge. A presentence investigation report was ordered. Thereafter, on February 28, 1997, the Defendant was sentenced to serve ten years at hard labor with the Department of Corrections, without the benefit of parole, probation, or suspension of sentence. Defendant timely filed his motion for appeal on March 3, 1997. Defendant raised three assignments of error but has abandoned assignment of error number three.

FACTS
On November 9, 1995, shortly before 2:00 p.m., Jackie Montgomery was under the carport of her home located in Washington, Louisiana. At that time, she saw Defendant, Sir Knight Recard, and another man walking behind her home. Montgomery saw a shotgun in Defendant's hand. Montgomery testified she soon heard five gunshots. She thought that the two men were hunting, and she immediately called the Washington Police Department to report the incident. When asked on cross-examination why she reported the gunshots to the police, Montgomery responded, "There's a law against shooting in town, sir." Although Montgomery saw Defendant with the shotgun shortly before the shots were fired, she did not see him fire the weapon.
Officer Richard Mizzi, a police officer with the Washington Police Department, arrived at Montgomery's home within minutes after he received the complaint. Officer Mizzi met Montgomery outside her home. At that point, Officer Mizzi observed two men walk out of the woods, and he noticed that one was carrying a shotgun. Officer Mizzi called for the two to come to him, and he then walked toward them. When Officer Mizzi met the two, he seized a sixteen gauge shotgun from Defendant. The record indicates the Defendant was convicted on April 16, 1993, for attempted auto theft and on July 11, 1995, for distribution of cocaine and for possession with the intent to distribute cocaine. Regarding the cocaine charges, Defendant received concurrent sentences of 84 and 111 months, respectively. The sentences were suspended, and Defendant was placed on five years active supervised probation. He met with his probation officer and entered into a contract of probation on November 6, 1995, three days before his arrest on the current charge. The record further indicates the Defendant kept the shotgun at his home after his July 11, 1995, conviction until he was arrested on November 9, 1995.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent *327 on the face of the record. After reviewing the record, we find one error patent.
The Defendant did not receive a fine, although one is mandated by the penalty provision of La.R.S. 14:95.1(B). Thus, the Defendant received an illegally lenient sentence. The issue of an illegally lenient sentence has been previously addressed by this court and resolved as follows:
[W]hen a defendant alone appeals and the record contains a patent error favorable to the defendant, the appellate court should ignore the error, unless the prosecution, having properly raised the issue in the trial court, has sought the appellate review.
State v. Hines, 95-111, p. 3 (La.App. 3 Cir. 10/4/95); 663 So.2d 199, 201, writ denied, 95-2686 (La.2/9/96); 667 So.2d 528, quoting State v. Stein, 611 So.2d 800, 801 (La.App. 3 Cir.1992), quoting State v. Jackson, 452 So.2d 682, 684 (La.1984). The State in the present case has not complained of the lenient sentence; therefore, we shall not recognize it as an error patent.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, Defendant alleges the trial court erred in refusing to admit the conditions of probation he acknowledged on November 6, 1995, and anything that his probation officer may have told him about the shotgun at that time. Specifically, Defendant argues the trial court denied him the right to present a defense in that such evidence would have substantiated his claim that it was necessary for him to possess the shotgun on November 9, 1995, in order to comply with the law and his contract of probation. Defendant combines this claim with his claim that the evidence was insufficient to sustain his conviction since he was justified in possessing the firearm and thus lacked the intent necessary to commit the crime.
Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La.Code Evid. art. 401. "Evidence which is not relevant is not admissible." La. Code Evid. art. 402. The relevancy of evidence depends on whether it tends to prove or disprove a matter in issue. State v. Constantine, 364 So.2d 1011 (La.1978). The trial court is vested with wide discretion in determining the relevance of evidence. State v. Stowe, 93-2020 (La.4/11/94); 635 So.2d 168; State v. Miles, 402 So.2d 644 (La.1981). The trial court's determination regarding the relevancy of evidence offered is entitled to great weight and should not be overturned absent a clear abuse of discretion. State v. Kahey, 436 So.2d 475 (La.1983).
The Defendant argues the trial court should have allowed into evidence his conditions of probation and the fact he told his probation officer, at the November 6, 1995, meeting, that he owned a shotgun. Defendant further contends this evidence would show his possession of the firearm was justified by law and he lacked the intent to commit the crime.
Defendant argues his defense was limited in that the trial court did not allow this evidence to show it was necessary for him to possess the firearm to rid himself of it, and thus comply with the law pursuant to the instructions of his probation officer. In his discretion, the trial judge did not allow this evidence since, no matter what was said at the probation hearing, the probation officer could not authorize the defendant to violate the law, and as such, this evidence was irrelevant and inadmissible.
As an arm of the court whose duty is to provide guidance to offenders of our laws, a probation officer's instructions to a convicted felon should not be altogether ignored. Often, offenders who are released on probation have low levels of formal education and are the type of individuals who are in need of accurate instructions by their probation officers regarding the boundaries of the law. However, under the circumstances of this case, we do not find that the trial judge committed a clear abuse of discretion and thus find that defendant's assignment of error lacks merit.
It is argued by Defendant that since he is a convicted felon who owns a gun, he was justified in attempting to sell the gun *328 since it was necessary in order to be in conformance with the law. We find it appropriate to discuss the principle of necessitas facit licitum quod alias non est licitum, which translates into "necessity makes that lawful which otherwise is not lawful." Under the definition of necessity, as it relates to criminal culpability, Black's Law Dictionary, page 1030 (6th ed.1990) states "[a] person is excused from criminal liability if he acts under a duress of circumstances to protect life or limb or health in a reasonable manner and with no other acceptable choice."
The defense of justification is codified in La.R.S. 14:18, which lists seven circumstances under which the defense can be raised. These include:
(1) When the offender's conduct is an apparently authorized and reasonable fulfillment of any duties of public office; or
(2) When the offender's conduct is a reasonable accomplishment of an arrest which is lawful under the Code of Criminal Procedure; or
(3) When for any reason the offender's conduct is authorized by law; or
(4) When the offender's conduct is reasonable discipline of minors by their parents, tutors or teachers; or
(5) When the crime consists of a failure to perform an affirmative duty and the failure to perform is caused by physical impossibility; or
(6) When any crime, except murder, is committed through the compulsion of threats by another of death or great bodily harm, and the offender reasonably believes the person making the threats is present and would immediately carry out the threats if the crime were not committed; or
(7) When the offender's conduct is in defense of persons or of property under any of the circumstances described in Articles 19 through 22.
Clearly, Defendant's conduct falls under none of these items.
We further recognize that in certain cases, a jurisprudential doctrine of "necessity" has been developed which expands the theory of justification. For instance, in escape cases, the Louisiana Supreme Court has set forth five criteria, all of which must be satisfied in order for an inmate to claim the defense of justification or necessity.[1] This defense is "extremely limited" in its application, State v. Slaid, 614 So.2d 1326, (La.App. 3 Cir.1993), and in absence of a foundation laid outside the presence of the jury, demonstrating the existence of the enumerated elements, the defense may not be considered. See State v. Schell, 492 So.2d 169 (La.App. 1 Cir.), writ denied, 496 So.2d 1042 (La.1986). Furthermore, when the defense cannot be established, the trial judge is proper in excluding the evidence. See State v. Baldwin, 388 So.2d 679 (La.1980).
This doctrine of necessity has also been examined in felony firearm possession cases, also with very limited application. Our colleagues in the fourth circuit explain:
"Necessity", when raised as a defense to the illegal possession of a firearm, entails proof that the threat of force by another is imminent and apparent, and that the person threatened has no reasonable alternative but to possess the firearm.
Defendant's witnesses did not establish either the immediacy of a threat of force against his family home or the lack of reasonable alternatives to his possession of the handgun. We note, too, that Jackson did not possess the weapon while in his own home, but while riding a bicycle on a public street. His possession of the pistol *329 at that time cannot have been necessary to the defense of his home and family.
State v. Jackson, 452 So.2d 776, 779 (La.App. 4 Cir.1984).
In Jackson, even assuming "the prosecutor erred in his remarks concerning the general applicability of justification as a defense to R.S. 14:95.1, such error was harmless[, since,] as a matter of law, justification was not an available defense in this case." Id. at 779-80.
Considering the definition of necessity, the above examples, and the very limited applicability of the defense of justification or necessity, we are not willing to extend this defense to the facts of the case before us. We do acknowledge that Defendant was in a rather precarious position, in that since he had a shotgun at his home when he was released on probation, he was in "constructive" possession of a firearm once he returned to his residence and thus was in violation of La.R.S. 14:95.1.[2]
In spite of this imperfection in the law and regardless of what Defendant was told by his probation officer, Defendant had other options allowing him to dispossess himself of the shotgun in a more acceptable manner. It was certainly unreasonable for Defendant to take the gun into the woods, apparently near a residential area, with the potential buyer and test it, regardless of who actually discharged it. The Defendant was, at the very least, in close proximity to the discharging of his own gun, and the testimony at trial clearly establishes that Defendant actually held the gun in his hands. Under these circumstances, the need to dispossess himself of the gun does not rise to the level of "necessity" which would excuse Defendant's criminal conduct, and thus, we cannot find error in the trial judge's refusal to allow testimony regarding the Defendant's probation hearing.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, Defendant alleges the verdict fails to meet the legal standard for sufficiency of evidence, namely because: 1) Defendant was justified in his actions[3] and, 2) Defendant lacked criminal intent.
It is well settled that when the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State ex rel. Graffagnino, 436 So.2d 559, citing State v. Richardson, 425 So.2d 1228 (La.1983).
To convict Defendant of possession of a firearm by a convicted felon, the State must prove beyond a reasonable doubt: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and, (4) general intent to commit the offense. La.R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Tatum, 27,301 (La.App. 2 Cir. 9/27/95); 661 So.2d 657. The only element of the offense contested by Defendant is whether he lacked the intent to commit the crime.
La.R.S. 14:95.1 requires only general criminal intent, which means that the circumstances indicate that the accused "in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result *330 from his act or failure to act." La.R.S. 14:10(2). Although the existence of intent is a question of fact, it need not be proven as such, but may be inferred from the circumstances of a transaction. La.R.S. 15:445.
We find the requisite intent can be inferred from the facts of the present case. Three days before his arrest on the present charge, Defendant had been released on probation for felony drug offenses. The record establishes that Defendant was apprised of the conditions of probation both at sentencing and his probation hearing. One of these conditions clearly states that Defendant may not possess a firearm. The record further contains uncontroverted testimony from two eyewitnesses who viewed the Defendant in actual possession of the shotgun. In light of this conduct by Defendant, we find that he possessed the requisite general criminal intent. In taking such actions, Defendant should have been aware that the prescribed criminal consequences were reasonably certain to result therefrom.
Defendant's argument that there was insufficient evidence that he had the requisite intent to possess the firearm and that he was getting rid of the shotgun in question in accord with the instructions given by his probation officer is not persuasive. In State v. Major, 604 So.2d 137 (La.App. 2 Cir.), writ denied, 609 So.2d 255 (La.1992), the court found the defendant had possession of a firearm when he went into a pawn shop and pawned the firearms, even though the defendant testified that he never actually handled the firearms and was only pawning it as a favor for friends. In the instant case, Defendant's argument that he was possessing the firearm for the purpose of getting rid of it has no bearing on whether he was a convicted felon in possession of a firearm. See State v. Thomas, 625 So.2d 206 (La.App. 3 Cir.1993).[4] The reasons for possessing a firearm are irrelevant; the law does not require that the convicted felon possess the firearm with the intent to use it in an illegal manner. Reviewing the evidence in a light most favorable to the prosecution, the evidence introduced at trial was sufficient to support a verdict of guilty of possession of a firearm by a convicted felon. Therefore, Defendant's assignment of error is without merit.

DECREE
For the foregoing reasons, Defendant's conviction is affirmed.
AFFIRMED.
PETERS, J., dissents and assigns written reasons.
PETERS, Judge, dissenting.
I respectfully disagree with the majority opinion in this case. In my opinion, the trial court erred in refusing to admit into evidence the written conditions of probation and the testimony of the defendant and his probation officer about what the probation officer may or may not have told the defendant concerning his obligation to divest himself of the weapon in question.
La.R.S. 14:95.1(A) provides in pertinent part: "It is unlawful for any person who has been convicted of ... any violation of the Uniform Controlled Dangerous Substances Law which is a felony ... to possess a firearm or to carry a concealed weapon." (Footnote omitted). Additionally, this prohibition does not apply "to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence." La.R.S. 14:95.1(C)(1). Thus, in order to convict the defendant of a violation of La.R.S. 14:95.1, the state had to prove beyond a reasonable doubt that he possessed a firearm, that he had been previously convicted of a felony violation of the Uniform Controlled Dangerous Substances Law within the ten-year statutory time limit, and that he had the general intent to commit the crime. State v. Tatum, 27,301 (La.App. 2 Cir. 9/27/95); 661 So.2d 657. It is the intent element that is at issue herein.
The defendant pled guilty on July 11, 1995, to two counts of felony drug-related charges. Sentencing occurred on September 22, 1995, *331 at which time the defendant received sentences of 84 and 111 months on the two felony convictions. The hard-labor time was suspended, and the defendant was "placed on five (5) years Active Supervised Probation under all conditions of 895 of the Code of Criminal Procedure."[1] It was not until November 6, 1995, that the defendant first met with his probation officer, had his conditions of probation explained to him, and signed a document in which he acknowledged that he understood the conditions and agreed to obey them.[2] Three days later, on November 9, 1995, the events giving rise to this conviction occurred.
The majority finds that while a probation officer's instructions to a convicted felon should not be altogether ignored, under the circumstances of this case the trial judge did not clearly abuse his discretion because no matter what the probation officer told the defendant, he could not authorize the defendant to violate the law. While I agree that a probation officer could not authorize the defendant to violate the law, the instructions given, if any, by the probation officer concerning the shotgun are admissible relevant evidence from which a trier of fact may infer the defendant's state of mind and, thus, intent to commit the crime. La.Code Evid. art. 402.
It is not disputed that the defendant is a convicted felon and was in possession of a shotgun. Still, the trier of fact, when presented with all the relevant evidence, could conclude that he did not have the requisite general criminal intent to commit the crime. This is not a case where the remainder of the evidence is overwhelmingly in favor of the state on the issue of intent. In fact, it is important to note that at least one member of the jury had difficulty with the intent issue. There is a note in the record from the jury foreman wherein he stated that "one juror doesen't [sic] understand the intent part. Did the defendant have to intend to do wrong with the gun." Thus, it is obvious to me that the jury was concerned about this element. Because the issue of intent is so critical to a conviction, I find merit in the defendant's first assignment of error.
The consideration of all of the relevant evidence concerning intent is made even more important given the fact that the minimum penalty for this criminal violation is ten years at hard labor without the benefit of probation, parole, or suspension of sentence. La.R.S. 14:95.1(B). In fact, the approach of the trial court and the majority is to treat this act more as a probation violation than a violation of La.R.S. 14:95.1. Had this been a probation revocation action, there is little doubt in my mind that this court would agree that revocation is too severe a penalty for this incident.
Having concluded that the first assignment of error has merit, I would reverse the conviction and sentence and remand for a new trial.
NOTES
[1] These include:

(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;
(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;
(3) There is no time or opportunity to resort to the courts;
(4) There is no evidence of force or violence used towards prison personnel or other `innocent' persons in the escape; and
(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.
State v. Boleyn, 328 So.2d 95, 97 (La.1976).
[2] La.R.S. 14:95.1 does not make actual possession a necessary element of the offense, and it has been held that "constructive" possession of a firearm by a convicted felon satisfies the possessory element. State v. Day, 410 So.2d 741 (La. 1982).
[3] Since justification was discussed in Assignment of Error No. 1, we will focus this discussion on whether Defendant had the necessary criminal intent to be convicted of the crime charged.
[4] In Thomas, this court found that the defendant's argument that he was possessing a firearm for his father had no bearing on whether he was a convicted felon in possession of a firearm.
[1] The record does not contain a transcript of the sentencing proceedings, and the quoted language is from the minutes.
[2] This document, entitled "CONDITIONS OF PROBATION," is the document at issue in the first assignment of error. Although not admitted into evidence, it is a part of the appeal record, having been proffered by the defendant.