778 So.2d 43 (2000)
STATE of Louisiana
v.
Alvin HANSON.
No. 00-KA-1168.
Court of Appeal of Louisiana, Fifth Circuit.
December 13, 2000.
Philip O'Neill, Gretna, LA, Attorney for Appellant, Alvin Hanson.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, James F. Scott, Assistant District Attorneys, Gretna, LA, Attorneys for Appellee, State of Louisiana.
Panel composed of Judges DUFRESNE, CANNELLA and CHEHARDY.
CANNELLA, Judge.
Defendant, Alvin Hanson, appeals his 12 year imprisonment at hard labor sentence for his conviction of simple burglary, his 8 year imprisonment at hard labor sentence for his conviction of illegal possession of stolen things valued over $500, and his enhanced sentence of 20 years imprisonment at hard labor for being adjudicated a fourth felony offender. We affirm his conviction and adjudication as a fourth felony offender. We set aside his enhanced sentence *44 on count 1, vacating of his sentence on count 2, and remand.
On November 12, 1998, Defendant was charged with one count of simple burglary of a 1992 white Chevy 6000 pickup belonging to Richard Koch, in violation of La. R.S. 14:62, and illegal possession of stolen things, guns valued at over $500, belonging to Todd Gallat, in violation of La. R.S. 14:69.[1] Defendant originally pled not guilty, but later entered guilty pleas on March 18, 1999. On count 1, simple burglary, the trial court sentenced him to 12 years imprisonment at hard labor. On count 2, illegal possession of stolen things, the trial court sentenced him to 8 years imprisonment at hard labor, consecutive with the sentence imposed in count 1. Defendant appealed the sentences. Defendant did not file a written motion to reconsider sentences, nor did he orally move for reconsideration after sentencing.
On August 19, 1999 Defendant filed a writ application alleging that his retained counsel filed a motion to withdraw the guilty pleas based on the State failing to perform the conditions of the plea agreement, which rendered the guilty pleas involuntary. The trial court denied his motion. He asked this court to reverse the trial court's ruling. State v. Hanson, 99-KH-932 (La.App. 5th Cir.8/19/99). We denied his writ application because the trial court record did not show that a motion to withdraw the pleas was filed and because Defendant was granted an appeal.
On September 29, 1999, Defendant filed a motion to withdraw his guilty pleas. On October 27, 1999, a hearing was held on the motion. At that time, Defendant filed an Amended Motion for New Trial, alleging newly discovered exculpatory evidence. On December 14, 1999 the two motions were denied. Defendant filed a writ application from the ruling denying his motion for new trial, arguing primarily that the sentences were excessive. This Court denied the writ application because Defendant failed to file his new trial motion prior to sentencing as required by La.C.Cr.P. art. 853. We also stated that Defendant is precluded from seeking review of the sentences because the application showed that Defendant failed to file a motion to reconsider sentence, the sentences were imposed pursuant to a plea agreement, and did not exceed the statutory maximums, citing La.C.Cr.P. art. 881.1D and La. C.Cr.P. art. 881.2A. State v. Hanson, 00-KH-168 (La.App. 5th Cir.5/11/00).
On appeal, Defendant asserts that the imposition of the maximum sentence is unconstitutional both in itself and as applied to this Defendant.[2] In his argument, Defendant contends that the original sentences are excessive. He does not address the habitual offender enhanced sentence. The State asserts that the original and habitual offender enhanced sentences are not excessive.
Defendant does not dispute that his pleas were voluntary. He entered negotiated guilty pleas after being informed by the trial judge that if the habitual offender bill were filed he would be exposed to a life sentence.[3] Further, he entered the pleas with the understanding that, in the event of the filing of a habitual offender bill, there would be no enhancement of his prison sentence greater than 20 years. *45 Defendant was subsequently found to be a fourth felony offender and we affirm that finding. The trial judge vacated the original sentences before imposing the enhanced sentence. Thus, Defendant's arguments relative to the original sentences are moot, since the original sentences no longer exist.
Our review of the transcript and record for patent error shows that, before imposing the enhanced sentence, the trial judge vacated the entire original 20 year imprisonment sentence which was imposed on the two convictions. This action vacated both the 12 and 8 year consecutive sentences. The trial judge then imposed a single enhanced sentence of 20 years imprisonment at hard labor, basing it on count 1, simple burglary. However, the Defendant is no longer sentenced on count 2. In order to remedy this patent error, we must vacate the enhanced sentence of count 1 and remand the case for the trial judge to resentence Defendant as a fourth felony offender, consistent with the sentencing exposure cap in the plea agreement. Further, we must set aside the vacating of the sentence in count 2.
Accordingly, Defendant's convictions of illegal possession of stolen things and simple burglary and finding that he is a fourth felony offender are affirmed. Defendant's enhanced sentence as a fourth felony offender is hereby vacated. Further, the vacating of Defendant's sentence on count 2 is set aside and the sentence is reinstated. The case is remanded for resentencing on count 1 in conformity with the plea agreements.
CONVICTION AND FINDING AS A FOURTH FELONY OFFENDER ARE AFFIRMED; ENHANCED SENTENCE ON COUNT 1 IS VACATED; VACATING OF SENTENCE ON COUNT 2 IS SET ASIDE; CASE REMANDED.
NOTES
[1] Defendant was charged with the crimes in a two count bill of information along with the co-defendant, Darnell C. Nelson. Only Defendant's appeal is before us at this time.
[2] The record does not contain a recitation of the facts leading to the current arrests and convictions.
[3] This was incorrect as none of the prior convictions or the current conviction is a crime of violence, involve illegal drugs, or have sentencing minimums of more than 12 years. See: La. R.S. 15:529.1. The prior convictions are for illegal possession of stolen things (La. R.S. 14:69), with a maximum of 10 years, theft of goods with a value between $100 and $500 (La. R.S. 14:67), with a maximum of 10 years, and simple burglary, (La. R.S. 14:62), with a maximum of 12 years. In addition, neither of the two current convictions have maximum sentences over 12 years.