PER CURIAM.
Frank Varnum was charged by bill of information with two counts of aggravated crime against nature, in violation of LSA-R.S. 14:89.1. Initially, he pled not guilty and elected trial by jury. At the trial, after two of the State’s three witnesses had testified, defendant changed his mind; and, pursuant to a plea bargain agreement, he pled guilty as charged on both counts. In exchange for the guilty pleas, the trial court promised to impose concurrent, rather than consecutive, sentences for the instant offenses; and the State nolle prose-quied a related charge (molestation of a juvenile) in bill of information number 169,-672. The defendant received two concurrent sentences of fifteen years at hard labor. He has appealed, urging three assignments of error. After a thorough review of the instant record and the applicable law and jurisprudence, we find these assignments of error to be meritless.
In assignments of error numbers one and two, the defendant contends that the trial court erred in failing to comply with the sentencing guidelines of La.C. Cr.P. Article 894.1 and in imposing excessive sentences. The defendant received the maximum sentence of fifteen years at hard labor for each offense. Maximum sentences may be imposed only in c$ses involving the most serious offenses and the worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). The record indicates that the defendant committed these offenses on more than one occasion and over a lengthy period of time. The presentence investigation report indicates that the defendant was at least a fourth felony offender. In our view, considering the defendant’s criminal record and the facts of these offenses, the trial court did not abuse its discretion in imposing the instant sentences. We also note that the defendant benefitted from the instant plea bargain agreement. See State v. Abiodun, 509 So.2d 821, 823 n. 1 (La.App. 1st Cir.1987). Even if the trial court failed to comply with the guidelines of La.C.Cr.P. art. 894.1, a remand for complete compliance therewith is not necessary when the sentence imposed is not apparently severe and there is no manifest abuse of discretion. State v. Guidroz, 432 So.2d 348, 350 (La.App. 1st Cir.), writ. denied, 437 So.2d 1152 (La.1983).
In assignment of error number three, the defendant contends that the trial court erred in accepting his guilty pleas without informing him of the right to confrontation. The Boykin colloquy clearly indicates that the trial court advised the defendant of the right to trial by jury and the privilege against self-incrimination. Although the trial court failed to advise the defendant of the right to confrontation, the State argues that it was unnecessary to do so under the peculiar circumstances of this case. We agree, noting that the defendant entered into the instant plea bargain agreement after two of the State’s three witnesses, including the victim of these offenses, had testified at trial. Consequently, defendant had already exercised his right to confront and cross examine witnesses against him including the major witness, the victim. The trial testimony of two of the State’s witnesses should have made the defendant aware of the right to confrontation. See State v. Cusher, 400 So.2d 601, 604 (La.1981). See also Justice Lemmon's concurring opinion in State v. Campbell, 404 So.2d 1205, 1209 (La.1981). Moreover, the actual exercise of the right of confrontation is of greater benefit to the defendant than having the right explained. Under the circumstances, our review of the record indicates that the defendant was aware of the consequences of his guilty pleas and entered into the plea bargain agreement knowingly and voluntarily.
Although under the peculiar circumstances of this case we do not consider the omission of the explanation of the right of confrontation in the Boykin examination to have been error, even if we were to assume that it was, the error was harmless. “Before a federal constitutional error can be *707 held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt”. State v. Jones, 386 So.2d 1363, 1367 (La.1980). The defendant had confronted the victim of his crime on the witness stand and through his attorney cross examined that witness. He availed himself of these constitutional rights and only after having done so decided it was in his best interest to enter a plea of guilty. Under these circumstances we do not hesitate to find that a subsequent failure to advise him of the rights he had just exercised was harmless error beyond a reasonable doubt, if it was error at all.
DECREE
Accordingly, the defendant’s convictions and sentences are affirmed.
AFFIRMED.