572 So.2d 681 (1990)
STATE of Louisiana
v.
David THOMAS.
No. KA 90 0496.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
*682 Bryan Bush, Dist. Atty. by Ms. Jackie Marve, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Kathryn M. Flynn, Asst. Public Defender, Baton Rouge, for defendant/appellant.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
The defendant, David Thomas, was charged by bill of information with molestation of a juvenile, in violation of LSA-R.S. 14:81.2.[1] He pled not guilty and, after trial by jury, was found guilty as charged. He received a sentence of ten years at hard labor. The defendant has appealed, alleging four assignments of error. Assignments of error numbers two and three were not briefed on appeal and, therefore, are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
On or about July 22, 1987, the victim, a young female,[2] was playing in her neighborhood *683 with her ten-year-old friend. Her friend went to look for a man named Dave to ask him for some money. The victim followed. When they arrived at a vacant house, the friend entered. Shortly thereafter, the victim entered. Inside the vacant house, the defendant grabbed the victim, removed her clothes, and forced her to engage in sexual intercourse with him. He prevented the victim from screaming by placing his hand over her mouth. The victim delayed reporting this incident because the defendant threatened to kill her mother if she did so. However, when she was late for a menstrual period and feared that she might be pregnant, she reported this incident to her mother, who immediately contacted the police. A subsequent medical examination of the victim revealed that her hymen was stretched and was torn in two places.
At the trial, the victim related the details of this incident. The victim's mother testified that her daughter had been a virgin before this attack occurred. Dr. Veronica Thomas, who performed the pelvic examination of the victim, testified that her injuries were the result of some type of vaginal penetration and were consistent with the victim's statement that she had been sexually abused. The State was unable to locate the victim's ten-year-old friend before trial.
The defendant testified that he was employed by a local real estate company to do maintenance on various properties and that he had worked in a vacant house in the victim's neighborhood in the summer of 1987. He explained that, in order to prevent curious children from being hurt by debris while he was remodeling, he often gave them some change if they would leave. However, the defendant stated that, due to a serious, job-related injury to his hand, he did not work at all in July of 1987. Finally, he denied having any kind of sexual contact with the victim.

ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, the defendant contends that the trial court erred in overruling an objection to the prosecutor's rebuttal closing argument. Specifically, the defendant contends that the prosecutor's remarks improperly shifted the burden of proof to the defense. He also contends that these remarks were improper because they referred to defense counsel's failure to explain the victim's past sexual behavior, which the defense was precluded from doing by Louisiana Code of Evidence Article 412.
During the prosecutor's rebuttal closing argument, the following colloquy occurred:
PROSECUTOR:
Defense counsel has also tried to say that [the victim] was a sexually active child. Have we heard any testimony? Did defense counsel ask her if she was dating anyone? If she was seeing anyone? Now, we have absolutely no
DEFENSE COUNSEL: Judge, again, [the prosecutor] knows that I cannot ask an abused victim prior sexual history. She's aware of that fact. I cannot ask her whether or not she's had sexual activity with anyone.
THE COURT: Overruled, counselor. Proceed.
PROSECUTOR: Thank you, Your Honor.
PROSECUTOR:
I asked her if anything like this had ever happened to her before. She said, no. I was the one who asked those questions and you heard her answer.
La.C.Cr.P. art. 774 provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.

*684 The state's rebuttal shall be confined to answering the argument of the defendant.
In this case, the defendant testified that he had no sexual contact with the victim. During closing argument, defense counsel suggested that the victim, a "sexually active" thirteen-year-old, could have been motivated to accuse the defendant of molesting her out of a fear that she might be pregnant. The above-quoted excerpt from the prosecutor's rebuttal closing argument was clearly a response to defense counsel's closing argument. The prosecutor was pointing to the lack of evidence to support the defense theory that the victim was afraid she had become pregnant by someone other than the defendant. In rebuttal closing argument, the State has the right to answer the argument of the defendant. La.C.Cr.P. art. 774; State v. Stovall, 439 So.2d 618, 622 (La.App. 1st Cir.1983). Doing so did not shift the burden of proof to the defense, as the defendant suggests in his brief to this Court. See State v. Thomas, 504 So.2d 907, 918 (La.App. 1st Cir.), writ denied, 507 So.2d 225 (La.1987). This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Chaisson, 507 So.2d 248, 250 (La. App. 1st Cir.1987). In light of the criteria expressed by Article 894.1, a review of individual excessiveness must consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Garner, 532 So.2d 429, 434 (La.App. 1st Cir.1988).
Before imposing sentence, the trial court noted that it had reviewed the pre-sentence investigation report, which indicated that the defendant had three prior felony convictions for simple burglary. The defendant contends that the trial court did not comply with the Article 894.1 guidelines. The sentencing record indicates that the trial court's statement of reasons for sentencing was rather brief. However, even if the trial court failed to comply with the Article 894.1 guidelines, a remand for complete compliance therewith is not necessary when the sentence imposed is not apparently severe and there is no manifest abuse of discretion. State v. Varnum, 551 So.2d 705, 706 (La.App. 1st Cir.1989). For the reasons which follow, we conclude that the instant record contains sufficient information about the defendant and this offense to support the sentence imposed and, therefore, remand to the trial court for complete compliance with Article 894.1 is unnecessary.
For this conviction of molestation of a juvenile (where control or supervision over the juvenile was not an element of the offense), the defendant was exposed to a maximum sentence of ten years at hard labor and a fine of not more than $5,000.00. See LSA-R.S. 14:81.2 B. Compare LSA-R.S. 14:81.2 C. The defendant received the maximum sentence for this offense, but no fine was imposed. This Court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). Considering the defendant's prior felony convictions, the age difference between the defendant and the victim (approximately thirty-five years), and the fact *685 that the victim's testimony indicated an act of forced sexual intercourse took place, we find no abuse of discretion in the sentence imposed.[3]
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] We note a patent error in the bill of information. The defendant was originally charged with carnal knowledge of a juvenile, a violation of LSA-R.S. 14:80. However, when the bill of information was amended to charge molestation of a juvenile, the prosecutor incorrectly listed the citation for this offense as "14.81(2)." As noted above, the correct statutory citation for molestation of a juvenile is LSA-R.S. 14:81.2. Nevertheless, error in the statutory citation shall not be grounds for dismissal of an indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.C.Cr.P. art. 464; State v. Jordan, 489 So.2d 994, 998 (La.App. 1st Cir.1986). The defendant does not allege, nor do we find, any prejudice as a result of this erroneous statutory citation.
[2] It appears that the victim was either twelve or thirteen years old at the time of this offense. At the trial, both the victim and her mother testified that the victim turned fifteen on November 1, 1989. This testimony indicates that the victim was twelve years old when the offense was committed. However, the victim's mother also testified on cross-examination that the victim began menstruating in the summer of 1987, at age thirteen.
[3] We note that, in his brief to this Court, the defendant has cited several cases where lesser sentences were imposed upon other persons convicted of molestation of a juvenile. However, noting the well-settled proposition that sentences must be individualized to the particular offender and the offense committed, we find little value in making such sentencing comparisons. Furthermore, when considering the defendant's criminal record and the seriousness of the instant offense, the cases cited by the defendant are readily distinguishable.