|2LeBLANC, Judge.
Johnny Southall was charged by bill of information with attempted first degree robbery, a violation of La.R.S. 14:64.1 and 14:27. He pled not guilty and, after trial by jury, was convicted as charged. Subsequently, the state filed a petition charging him as a second felony habitual offender. See La.R.S. 15:529.1. Defendant admitted to the allegations of the habitual offender bill; and the *583 court sentenced him to serve a term of forty years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Defendant filed a motion to reconsider sentence, asking the court to reconsider the sentence imposed. At the hearing held on the motion, the court cited its reasons for the sentence and denied the motion. Defendant has appealed, urging two assignments of error. Assignment number two was not briefed on appeal and, therefore, is considered abandoned. See Uniform Rules— Courts of Appeal, Rule 2-12.4.
On the evening of January 26, 1993, Debbie Pontiff arrived at her home at about 9 p.m. after shopping for groceries at Rouse’s Supermarket in Thibodaux. After unloading two of her bags of groceries, she returned to her car to get the remaining bags. When she saw something coming toward her car, she turned to find defendant standing next to her with a gun. He pointed the gun close to her temple and ordered her to give him her bags. Pontiff dropped her bags, grabbed for the gun, and struggled to keep the gun from being pointed at her head. During the struggle, she screamed for her husband who was inside the house. When the victim’s husband opened the door, defendant turned and ran away. Law enforcement officers eventually arrested defendant for the offense; and the victim and her husband identified him as being the person who tried to rob the victim. When defendant was arrested, he was in possession of a .177 caliber BB pistol, which the victim identified as being the weapon used during the offense. One of the officers testified that the gun looks like a Colt .45 pistol.
1 3One of the witnesses at the trial was defendant’s nephew. Prior to the offense, he and defendant were at Rouse’s Supermarket. When they left, they followed the victim to her house. Defendant got out of the ear and took something from under the front seat. When defendant returned to the car, he was running. Defendant’s nephew was in the fourth grade on the date of the offense.
In assignment of error number one, defendant asserts the court erred when it imposed a constitutionally excessive sentence. In his brief, he claims ten and one-half years is the maximum sentence he should have received as a second felony habitual offender. He also asserts the court erred when it said the Sentencing Guidelines did not apply to the' sentencing of a person adjudicated as a habitual offender. Defendant further complains that the court did not order a presen-tence investigation report or a Sentencing Guidelines calculation.
The penalty for a defendant who has been convicted of attempted first degree robbery who is béing sentenced as a second felony habitual offender is imprisonment at hard labor for not less than ten years and not more than forty years, without benefit of parole, probation, or suspension of sentence. See La.R.S. 14:64.1(B), 14:27(D)(3), & 15:529.1(A)(1) (prior to its renumbering by 1994 La.Acts, 3d Ex.Sess., Nos. 23 & 144). Thus, the sentence of forty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence complies with the statutory requirements and is the maximum sentence which could be imposed. Defendant is wrong when he claims ten and one-half years is the maximum possible sentence.
Defendant was sentenced on July 26, 1993, after the effective date of the Sentencing Guidelines. On appeal, both defendant and the state concur that defendant’s placement on the grid cell of the Sentencing Guidelines is “3-C.” This 14grid cell specifies a range of incarceration from 72 to 84 months.[1] La. Sentencing Guidelines § 403(A), 18 La.Reg. 962 (Sept. 20, 1992).
When the trial court sentenced defendant, it did not cite its reasons for the sentence and indicated it would do so at the hearing to be held on the motion to reconsider sentence. At the hearing held on the motion, the court said that the Sentencing Guidelines do not apply to sentences imposed in habitual offender cases. In support of the sentence *584 imposed, the court noted that defendant manifested deliberate cruelty to the victim during the offense by threatening her life, grabbing her, and pointing the gun at her. According to the court, defendant’s actions created a great risk of bodily harm to defendant and to the people around him, including the victim’s husband and any other person who might have come upon the struggle. The court also said that, although defendant threatened the victim with a BB gun, the gun appeared to be a real weapon. The court was unaware of any mitigating circumstances. Noting that defendant had been a “long and full-time occupant of the criminal justice system since 1976,” the court summarized defendant’s criminal record. Defendant had three burglary convictions (from 1976, 1977, and 1978) from Illinois. The court was not aware of the disposition of an arrest for retail theft from 1978. In 1982, defendant was convicted of armed robbery (in Louisiana) and sentenced to serve fifteen years. In 1992, defendant was arrested for illegal possession of stolen property. After the court summarized the criminal record, it concluded that defendant was a “career criminal” and that any lesser sentence would make light of the type of acts defendant had committed and the type of life he had lived. The court also stated that defendant had shown no remorse and had not taken responsibility for his actions.
Our review of the record reveals that, when defendant was arrested for the instant offense, he was driving an automobile which had been reported stolen |5and defendant was arrested for theft of the automobile in addition to the instant offense. When defendant pled guilty to the habitual offender bill, he told the court he was 36 years old, was a high school graduate, was .trained as a cook, welder, and bricklayer, and was employed prior to his arrest.
A trial court is required to “consider” the Felony Sentencing Guidelines in imposing sentence and to state for the record the considerations taken into account and the factual basis for the sentence imposed. La. C.Cr.P. art. 894.1(A) & (C). Provided the court complies with these requirements of article 894.1, it has “complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted.... ” State v. Smith, 93-0402, p. 3 (La. 7/5/94), 639 So.2d 237, 240 (on rehearing) (footnote omitted). See State v. Bennett, 623 So.2d 74, 77 (La.App. 1st Cir.1993), writ denied, 93-2128 (La. 3/11/94), 634 So.2d 404. See also La.R.S. 15:326(A) & 15:328(B); La. C.Cr.P. arts. 881.4(D), 881.6 & 894.1(A). The Sentencing Guidelines recognize that the minimum sentence provided under the habitual offender statute might exceed the maximum sentence range specified under the Guidelines. In those cases, the Guidelines direct the court to impose the minimum sentence provided by law unless aggravating circumstances justify imposition of a more severe sentence. La. Sentencing Guidelines § 309(B), 18 La.Reg. 50 (Jan. 20, 1992).
To preserve the right to object on appeal to the sentence, a defendant is required to file in the trial court a motion to reconsider sentence in which he alleges the specific ground upon which the motion is based. La.C.Cr.P. art. 881.1(D). In the instant ease, defendant’s motion to reconsider sentence merely requests the court “to reconsider the sentence rendered” and “to fix a hearing to reconsider same.” Neither in the motion nor at the hearing held on the motion did defendant calculate the sentence under the Felony Sentencing Guidelines. At the hearing, defendant asked simply that the court reconsider the sentence as it was a deviation from the Guidelines. Defendant did not object when the court said the Guidelines did not apply 16to habitual offender sentencing. Nor did defendant ever complain to the trial court about the court’s failure to order a presentence investigation report or Sentencing Guidelines calculation. Thus, the only issue preserved by defendant for appeal is his argument concerning the excessiveness of the sentence under the Louisiana Constitution. See State v. Mims, 619 So.2d 1059, 1059-60 (La.1993) (per curiam). See also State v. Scott, 634 So.2d 881 (La.App. 1st-Cir.1993). .To the extent defendant’s arguments on appeal can be viewed as attempting to raise specific complaints concerning the *585 court’s application of the Sentencing Guidelines, failure to order a presentence investigation report and Sentencing Guidelines calculation, he is precluded from appellate review because of his failure to raise those arguments before the trial court.
Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion to sentence within statutory limits. State v. Lobato, 603 So.2d 739, 751 (La.1992).
As we have indicated, defendant’s sentence is the maximum term of imprisonment authorized by the statute. Maximum sentences may be imposed only in cases involving the most serious offenses and worst offenders. State v. Thomas, 572 So.2d 681, 684 (La.App. 1st Cir.1990), writ denied, 604 So.2d 994 (La.1992).
Considering the reasons cited by the court and additional information contained in the record, we find no abuse of discretion in the court’s imposition of the maximum term of imprisonment. In the presence of his young nephew, defendant planned the offense and sought out the victim. He then attempted to rob her. His record of criminal convictions includes three burglary convictions from Illinois, an armed robbery ^conviction from Louisiana, and other arrests. Although defendant used a BB gun in the commission of the offense, the victim did not know it was a BB gun. As she struggled to save her life, she was terrified by defendant’s actions. When he was arrested, defendant was in an automobile which had been reported stolen. Under these circumstances, we cannot say the trial court abused its discretion.
The assignment of error is without merit.

PATENT ERROR

In reviewing the record for patent eiTor, we have found error in the sentence. Although the minutes of the sentencing and the court’s written judgment of the sentence indicate the court credited defendant with time served, the transcript of the sentencing shows the court did not give defendant credit for time served. See La.C.Cr.P. art. 880. Rather than remanding for resentencing, we simply order that defendant be given credit for time served and the district court shall amend the commitment if necessary. See La.C.Cr.P. art. 882.
We also notice that, although the court swore in the individuals jurors as they were accepted (in compliance with La.C.Cr.P. art. 788), the court failed to swear the jurors as a group upon the completion of jury selection. Article 790 of the Louisiana Code of Criminal Procedure provides that, when selection of the jurors and alternate jurors is completed and all issues regarding challenges have been resolved, the court then should swear the jurors together. A court’s failure to properly swear in the jury is reviewable as patent error under La.C.Cr.P. art. 920(2). See State v. Huntley, 438 So.2d 1188, 1193 n. 3 (La.App. 3d Cir.1983). However, any error resulting from the court’s failure to comply with article 790 is not reversible as no prejudice resulted in this case. See State v. Wallace, 612 So.2d 183, 186 (La.App. 1st Cir.1992), writ denied 614 So.2d 1253 (La.1993).
CONVICTION AFFIRMED; SENTENCE AMENDED AND AS AMENDED, AFFIRMED; AND REMAND WITH ORDER.

. This calculation appears to ignore defendant's three burglary convictions from Illinois. Assuming these burglary convictions are comparable to the Louisiana offense of simple burglary, defendant’s criminal history index would be class “A” (and not "C”), providing a range of 120 to 144 months.