1 ^EDWARDS, Judge.
This is an appeal taken by the defendant, Marlon Simmons, who pled guilty to possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966A. For the reasons assigned, we affirm.
Following his arraignment, Simmons initially pled not guilty and filed a Motion to Suppress Confession, Identification and Physical Evidence. On October 12, 1999, the motion to suppress evidence was heard, at which time the parties agreed to submit the matter on the police report. After the court denied the motion to suppress, Simmons withdrew his plea of not guilty and entered a guilty plea, reserving his right to appeal the trial court’s denial of his motion to suppress.[1] He withdrew all outstanding motions. After a plea colloquy, the trial court sentenced Simmons to five years at hard labor. Sentence was *861 suspended and Simmons was placed on three years’ active probation, with several special ^conditions. The court also imposed a fine of $750.00.
The facts surrounding the instant offense are found in the police report. On the night of March 30, 1999, State Trooper Jacob Dickinson pulled Simmons over at U.S. Highway 90 and Deckbar for driving in a careless manner and for failing to use headlights. A check revealed that his driver’s license had been suspended since 1998. Trooper Dickinson arrested Simmons for driving with a suspended license and for the traffic violations and read him the requisite Miranda rights. In a search incident to arrest, the officer seized a large clear plastic bag containing about 66 smaller plastic bags. Two of the bags contained approximately eighteen grams of green vegetable matter, which the officer believed to be marijuana. Simmons told Dickinson he used the small bags to separate the “weed” for sale. A field test on the vegetable material was positive for marijuana.
In his only assignment of error, Simmons urges that the trial court abused its discretion in denying the his motion to suppress. Simmons argues that the trial court relied on an exhibit (i.e., the police report) that was not properly introduced by the state. The argument does not concern the sufficiency of the evidence at the motion hearing but, rather, the lack of formality with which it was admitted by the trial court.
At the motion hearing on October 12, 1999, it was defense counsel who informed the court that the parties had agreed to submit on the facts contained in the police report. The prosecutor agreed to the stipulation. Although the transcript does not indicate that the police report was assigned an exhibit number or that it was formally introduced by either the state or the defense, the exhibit itself shows that it was marked “S-l”. The court appears to have considered the | ¿report as evidence. In denying the motion to suppress, the trial judge commented that “the Court has had the advantage of reading the police report, having been stipulated to by the defense counsel and the district attorney.”
We have previously considered a similar claim in which a defendant complained about the lack of formality in the introduction of evidence.[2] The court there did not expressly accept the exhibits as evidence, although there was no recorded objection by the defense and in some cases, the defense had expressly agreed to their admission. There we stated:
[TJhere are no statutory or jurisprudential rules governing the formalities required when a trial court admits evidence. Traditionally, the party wishing to introduce documentary evidence would first have the evidence marked as an exhibit and lay a foundation for admission of the evidence. The proposed evidence would next be shown to the opposing attorney and then the proponent would offer the evidence to the trial court. At this point, the opponent may object to the introduction of the proposed evidence. The trial court must then rule on the objection and admit or exclude the evidence. McCormick on Evidence, Vol. 1, Sec. 51 at 195 (4 th Ed.1992).
We found the evidence in that case was tacitly admitted.
A stipulation has the effect of withdrawing a fact from issue and disposing wholly with the need for proof of that fact.[3] In the present case, the stipulation entered into by the attorneys effectively removed from issue the facts contained in the police *862 report. The judge, by his comments, tacitly admitted the report as evidence. By his stipulation, and by his failure to object to the informal procedure employed by the trial court, Simmons acquiesced in the admission of the evidence. This assignment of error is without merit.
1 ^Although Simmons pled und5er Crosby, he does not assign other errors relative to the motion to suppress and/or his guilty plea.
The record was reviewed for errors patent.[4]
In the only patent error found in the record, the court incorrectly informed defendant that he would have three years from the date his sentence became final in which to file an application for post-conviction relief. An amendment to LSA-C.Cr.P. art. 930.8, effective August 15, 1999, shortened the prescriptive period from three to two years. The application of the amended prescriptive period in this case would not violate ex post facto prohibitions, as the article itself does not relate to an offense or its punishment.[5] Therefore, we remand this case and instruct the trial court to send appropriate written notice to defendant of the correct statement of the law regarding the prescriptive period for post conviction relief in this case and to file written proof in the record that defendant received the notice within ten days of the rendering of this opinion.[6]
Accordingly, the conviction is affirmed and the matter remanded with instructions.
AFFIRMED; REMANDED WITH INSTRUCTIONS.

. See State v. Crosby, 338 So.2d 584 (La.1976).

. State v. Lewis, 98-447, p. 8 (La.App. 5 th Cir. 10/28/98), 720 So.2d 1230, 1234.

. State v. Williams, 93-0251, p. 8 (La.App. 4 th Cir. 5/26/94), 637 So.2d 1230, 1235 (citing State v. Thornton, 611 So.2d 732, 736-737 (La.App. 4 th Cir. 1992) and McCormick on Evidence, Sec. 254 (4 Ed.1992)).

. LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveanx, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).

. See State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189, 1201; State v. Boles, 99-662 (La.App. 5 th Cir. 11/10/99), 750 So.2d 1059.

. See State v. Stelly, 98-578 (La.App. 5 th Cir. 12/16/98), 725 So.2d 562.