# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 09-106


**STATE OF LOUISIANA**

**VERSUS**

**KEVIN COLEMAN**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-K-3611-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.


**REVERSED.**

**Alfred Frem Boustany, II**
**Attorney At Law**
**P. O. Box 4626**
**Lafayette, LA 70502**
**(337) 261-0225**
**Counsel for Defendant/Appellant:**
**Kevin Coleman**

**Earl B. Taylor**
**District Attorney, 27th J.D.C.**
**Jennifer Ardoin**
**Assistant District Attorney**
**P. O. Drawer 1968**
**Opelousas, LA 70571-1968**
**(337) 948-3041**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**GREMILLION, Judge.**

Defendant, Kevin Coleman, was convicted of possession of a firearm by a felon, a violation of La.R.S. 14:95.1. He had previously been convicted of unauthorized entry of an inhabited dwelling. The State and Defendant stipulated to the predicate offense, but a dispute arose as to whether the stipulation addressed the ten-year "cleansing period" of the statute. In denying Defendant's motion for post-verdict judgment of acquittal, the trial court concluded that the "cleansing period" was part of the predicate offense stipulation. We reverse.

## FACTS

Defendant was charged with one count of violating La.R.S. 14:95.1 after two convictions of unauthorized entry of an inhabited dwelling. That statute reads, in pertinent part, as follows:

> A. It is unlawful for any person who has been convicted of . . .unauthorized entry of an inhabited dwelling . . . to possess a firearm or carry or a concealed weapon.
>
> . . . .
>
> C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
>
> (1) The provisions of this section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.

State law also provides that the elements which must be proven to find a defendant guilty of possession of a firearm by a convicted felon are as follows: (1) possession of a firearm; (2) a prior conviction of an enumerated felony; (3) absence of the ten-year cleansing period; and, (4) general intent to commit the offense. *State v. Husband*, 437 So.2d 269 (La.1983).

1

Defendant was convicted of the offense with which he was charged after a second jury trial.[1] Defendant assigns no error to the jury's conclusion that he possessed a .22 caliber revolver which was found by law enforcement under the driver's seat of his car. Thus, there is no dispute regarding the first element. Likewise, Defendant does not appeal his conviction on the basis of element number four regarding his general intent to commit the offense with which he was charged.

However, the jury heard no evidence whatsoever regarding either the second element (his prior conviction) or the third element (absence of the ten-year cleansing period). Rather than hearing evidence as to these two elements, the jury heard, as part of the Bill of Information, a stipulation that Defendant had "been previously convicted of unauthorized entry of an inhabited dwelling, a specifically listed predicate offense in the 27th Judicial District Court, State of Louisiana."

Toward the end of the second trial, counsel and the trial court discussed jury charges. All agreed that the aforementioned stipulation was made. However, they disagreed as to its extent.

Defendant's counsel wanted the jury to be charged that, in order to convict Defendant, it must find a period of less than ten years had elapsed since the completion of Defendant's sentence on the prior enumerated offense. Defendant's counsel stated that Defendant intended to stipulate only to the prior offense, but not to the ten-year "cleansing period."

However, both the trial court and counsel for the State believed that the stipulation obviated the necessity of proving either that Defendant had been convicted of the prior enumerated felony or proving that less than ten years had passed from the

---

[1] The first trial ended in a mistrial because of evidence of jury tampering by the defendant.

2

date of completion of sentence, probation, parole, or suspension of sentence regarding the prior enumerated offense.

Thus, the trial court instructed the jury that, in order to convict Defendant, it need only find "that after the conviction of the predicate offense, the defendant possessed a RG .22 caliber LR revolver model RG14 black with a brown handle." The jury convicted Defendant. Thereafter, Defendant filed a motion for post-verdict judgment of acquittal, which was denied by the trial court. It is from the denial that Defendant appeals.

## ASSIGNMENT OF ERROR

Defendant alleges the trial court erred in failing to grant his post-verdict judgment of acquittal because the State failed to prove every element of the offense beyond a reasonable doubt. Specifically, Defendant argues he could not be convicted absent proof that the ten-year cleansing period had not lapsed.

Louisiana Code of Criminal Procedure article 821(B) states:

> A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.

We find the evidence did not reasonably permit a guilty verdict because, as Defendant argues, the State failed to present evidence regarding the cleansing period. The State did not introduce evidence that Defendant's possession of a firearm occurred within the ten-year period. At the charge conference, the State's counsel argued:

> [I]f we hadn't had that stipulation, then I would have had to bring in and prove up, and the whole point of the stipulation was I didn't bring in the records, I didn't come and bring the Clerk of Court, and I didn't prove there was less than ten (10) years. If we hadn't had that stipulation, I would have done that, because I have the records in my file.
>
> . . . .

3

I didn't prove it because I thought we had a stipulation . . . !

Defense counsel handwrote the wording of the stipulation and omitted the docket number that the State contends would indicate the ten-year period had not passed. At the charge conference, State's counsel, referring to the handwritten stipulation, commented, "I'm absolutely at fault for not requiring a docket number so that that docket number could, the 98, they'd have that element there."[2]

At the post-verdict motion for acquittal, Defendant again argued that he stipulated "that the crime for which the defendant had been previously convicted was unauthorized entry to an inhabited dwelling, which was one of the predicated offenses enumerated in 95.1." However, Defendant argued again that he never stipulated "that a period of less than ten years had elapsed since the defendant's conviction of the enumerated predicate offense," and the State failed to produce any evidence to that effect.

In *State v. Williams*, 366 So.2d 1369, 1374 (La.1978), the supreme court considered the issue of whether "the prosecution must prove, as an element of the offense charged, that the defendant had possessed the shotgun within a period of less than ten years from the date of completion of sentence, probation, parole, or suspension of sentence of the felony conviction."[3] Finding the issue one of first impression, the court held the State must prove beyond a reasonable doubt "possession of the weapon within less than ten years of the earlier felony" as an element of the offense. *Id*. at 1375. The court cited "[t]he comparative ease with

---

[2]The docket number of the predicate offense was 98-K-0021-D in the 27th Judicial District Court. Defense counsel admitted at the hearing of the post-verdict motion for acquittal that the predicate offense did in fact occur within the ten-year cleansing period. Thus, had the State presented the proper evidence, proof of that element of the crime would be undisputed.

[3]*Williams* was overruled on other grounds in *State v. Landry*, 588 So.2d 345 (La.1991).

4

which the state can prove the date of termination of defendant's sentence" as "an important consideration" because of the prosecution's "easy access to such information." *Id.* In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979); *State v. Joseph*, 425 So.2d 1261 (La.1983). The language of La.Code Crim.P. art. 821(B) reflects this concept. Numerous cases throughout Louisiana law refer to the establishment of possession of a weapon within less than ten years of the earlier felony as an element of the crime that must be proven. *See State v. Husband*, 437 So.2d 269 (La.1983); *State v. Haddad*, 99-1272 (La. 2/29/00), 767 So.2d 682, *cert. denied*, 531 U.S. 1070, 121 S.Ct. 757 (2001); *State v. Thomas*, 625 So.2d 206 (La.App. 3 Cir. 1993).

Here, a rational trier of fact could not have found Defendant guilty because an element of the crime was not proven. *See Williams*, 366 So.2d 1369. The fact that no evidence of the ten-year cleansing period was presented is not in dispute. The words of the stipulation, admitted by both the State and Defendant, show only that Defendant had been convicted of a "predicate offense." We are unable to find any jurisprudence that defines "predicate offense" in the manner suggested by the State to include the cleansing period. The wording of the stipulation did not address the ten-year cleansing period, and no other evidence established that it had not passed. Thus, proof of an element of the crime is lacking.

## CONCLUSION

Defendant showed the State failed to prove an element of the crime for which

5

he was tried.  The trial court erroneously denied Defendant's post-verdict motion for acquittal.  Defendant's conviction and sentence must be reversed.

**REVERSED.**