MICHAEL E. KIRBY, Judge.
 

 STATEMENT OF CASE
 

 The State charged defendant, Rodney A. McKnight with being a felon in possession of firearm in violation of La. R.S. 14:95.1. Mr. McKnight pled not guilty at arraignment. Defense motions were filed and the trial court denied the motions to suppress the evidence and identification and found probable cause. Following a three day trial the jury found defendant guilty as charged.
 

 Defendant filed a motion for post verdict judgment of acquittal alleging that the State failed to establish the absence of a ten-year cleansing period. That motion was denied and the trial court sentenced Mr. McKnight to ten years at hard labor without benefit of probation, parole, or suspension of sentence.
 

 The State filed a multiple offender bill. The trial court found the defendant to be a third felony offender. After vacating Mr. McKnight’s previous sentence the trial court sentenced him to ten years at hard labor. Defendant’s motion for appeal was granted. This appeal followed.
 

 |
 
 STATEMENT OF FACT
 

 To prove that defendant possessed a gun, the State called Officer Reno Alexander Bax and his partner Robert Barrere. Officer Bax testified that while he and his partner were traveling in a marked police car on Jackson Avenue behind another police vehicle, they turned onto Chippewa Street where Officer Bax observed defendant seated on the front steps of a house. He was conversing with two women, one of whom was holding a child, while another man was standing by a parked car and yet another was standing by the side of the house. As the police cars rounded the car, the man on the side of the house took off running, and the other patrol car pursed him.
 

 Officer Bax observed the defendant stand up while removing a weapon from his pocket and run up the steps and into the house, gun in hand. The man standing by the car removed a firearm from either his pocket or his waistband and tossed it underneath the vehicle. This man then ran into the house behind the defendant.
 

 Officer Bax pursued the two subjects into the house. Past the front door there was a small square living room. Upon entering the house, Officer Bax observed both men in the room. Defendant appeared confused or uncertain regarding his
 
 *1052
 
 next course of action, as if he was unfamiliar with his surroundings. Seizing on the subject’s uncertainty, Officer Bax rushed the subject, knocking him down. The two men engaged in a brief struggle until Officer Bax was able to gain possession of the weapon and secure defendant. At trial, Officer Bax identified the gun that he recovered from defendant, which the State introduced into evidence.
 

 At the conclusion of the State’s case, it presented the following stipulation:
 

 Your honor, at this time, we offer State Exhibit-Six with the stipulation previously agreed to by [defense counsel] and myself that if Officer Pollard were called he would testify that he would examine the fingerprints on the back of the certified copy of the burglary conviction which Mr. McKnight pled to which is marked as S-Six and he would also have had to take Mr. McKnight’s fingerprints and testify that this Mr. McKnight is the same Rodney McKnight who pled guilty to simple burglary in — simple burglary of an inhabited dwelling at 7084 St. Mary, Apartment, Apartment A.... And that plea agreement was entered into on February 14, 1995.
 

 The trial court then confirmed the stipulation to the jury as follows:
 

 Ladies and gentleman, the State and the Defense have entered into a stipulation regarding one of the elements which is the — gentleman has been previously convicted as I read to you in the Bill of Information of a burglary. They would have normally been required to bring an officer in and to stipulate regarding fingerprints, the nature of the crime and that a conviction was obtained. They have stipulated to that.
 
 [1]
 

 ASSIGNMENT OF ERROR NUMBER 1
 

 To sustain a conviction under La. R.S. 14:95.1, the State must prove: (1) possession of a firearm, (2) prior conviction of an enumerated felony, (3) absence of the ten-year statutory limitation period, and (4) the general intent to commit the crime.
 
 State v. Husband,
 
 437 So.2d 269 (La.1983). Defendant contends the evidence was insufficient to establish an element of the crime for which he was tried, namely, the absence of a ten-year cleansing period.
 

 With respect to the ten-year period, La. R.S. 14:95.1(0 provides:
 

 The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
 

 A careful review of the trial transcript reflects that the only evidence of defendant’s predicate offense was the stipulation that the State could establish through a fingerprint expert that the defendant was the same person who pled guilty to simple burglary of inhabited dwelling on February 14, 1995. Defendant contends that because the conviction occurred more than thirteen years prior to the commission of the instant offense and no evidence was presented regarding the defendant’s sentence, or more importantly, when the sentence was completed, then the evidence was insufficient to prove the crime charged.
 

 The State argues, as the trial court found in denying defendant’s post verdict judgment of acquittal, that when defendant
 
 *1053
 
 stipulated to his previous conviction, that necessarily entailed a stipulation “to the entire evidence associated with the conviction, including the sentence and cleansing period.” A similar factual scenario developed in the
 
 State v. Coleman,
 
 2009-106 (La.App. 3 Cir., 10/07/09), 20 So.3d 1163, where the defendant argued that the stipulation entered was insufficient to establish absence of a ten-year period between his previous conviction and the commission of the charged offense. As here, that stipulation was silent regarding the ten-year period and in fact failed to even specify the date of the previous conviction, which had in fact occurred well within the ten-year period. The State argued that the whole point of the stipulation was to obviate the need to introduce the records necessary to establish the ten-year cleansing period and that without the stipulation the State would have done so with the records in its file.
 

 However, the court found the State’s argument unpersuasive stating:
 

 The fact that no evidence of the ten-year cleansing period was presented is not in dispute. The words of the stipulation, admitted by both the State and Defendant, show only that Defendant had been convicted of a “predicate offense.” We are unable to find any jurisprudence that defines “predicate offense” in the manner suggested by the State to include the cleansing period. The wording of the stipulation did not address the ten-year cleansing period, and no other evidence established that it had not passed. Thus, proof of an ele-, ment of the crime is lacking.
 

 State v. Coleman,
 
 p. 5, 20 So.3d at 1166.
 

 The State argues further that the presence of the docket number of defendant’s predicate conviction on the bill of information which was read to the jury was sufficient to establish the ten-year cleansing period. In support, the State looks to the court’s observation in
 
 Coleman
 
 that if the State had included the docket number in its stipulation, proof of the required element would have been undisputed. However,
 
 Coleman
 
 is factually inapposite for two reasons: 1) Coleman’s predicate conviction occurred within the ten-year period, and 2) the docket number of the case established the year in which the case was filed. Because neither of these two conditions is present here, the presence of the docket number on the bill of information failed to establish the third element of La. R.S. 14:95.1.
 

 A stipulation, like any other evidence, speaks for itself. Here, the stipulation failed to address the ten-year cleansing period, and because the conviction occurred more than ten years prior to defendant’s possession of the weapon, the State failed to establish “possession of the weapon within less than ten years from the date of completion of sentence, probation, parole, or suspension of sentence of the felony conviction.” Accordingly, we reverse defendant’s conviction and sentence.
 

 ASSIGNMENT OF ERROR NUMBER 2
 

 Defendant argues that his conviction by a non-unanimous jury is unconstitutional, in violation of the Sixth Amendment of the U.S. Constitution. Because we have reversed his conviction and sentence on other grounds, we pretermit discussion of this issue. We note, though, that this issue was recently addressed by this court and found to be without merit.
 
 See State v. Taylor,
 
 2009-0041 (La.App. 4 Cir. 9/4/09), 21 So.3d 421,
 
 following State v. Bertrand,
 
 2008-2214, 2008-2311 (La.3/17/09), 6 So.3d 738.
 

 ERRORS PATENT
 

 A review of the record reveals one error patent. The trial court failed to impose a
 
 *1054
 
 mandatory fine. See La. R.S. 14:95.1;
 
 State v. Williams,
 
 2003-0302 (La.App. 4 Cir. 10/6/03, 859 So.2d 751), However, because we reverse the conviction, discussion of this error is pretermitted.
 

 CONCLUSION
 

 For the reasons stated we reverse defendant’s conviction and sentence. The case is remanded for further proceedings consistent with the views herein expressed.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The trail court further noted that it was also stipulated that an officer would have been qualified as an expert in the taking and comparison of fingerprints.