**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 KA 0279

STATE OF LOUISIANA

VERSUS

STANLEY JAMES BRUMFIELD

Judgment rendered___**OCT 0 1 2019**___

* * * * *

On Appeal from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
No. 713, 585

The Honorable Randall L. Bethancourt, Judge Presiding

* * * * *

Joe Waitz                                        Attorneys for Appellee
District Attorney                                State of Louisiana
Jay J. Luke
Ellen Daigle Doskey
Assistant District Attorneys
Houma, Louisiana


Lieu T. Vo Clark                                 Attorney for Defendant/Appellant
Louisiana Appellate Project                      Stanley J. Brumfield
Mandeville, Louisiana

Stanley James Brumfield                          In Proper Person

* * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

McClendon, J. concur in the Result Reached by the majority.

**HOLDRIDGE, J.**

Defendant, Stanley Brumfield, was charged by bill of information with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. He pled not guilty. After a trial by jury, defendant was unanimously found guilty as charged. The trial court sentenced defendant to 18 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence and fined him $1,000. The trial court later vacated that sentence and adjudicated defendant a second-felony habitual offender and imposed a term of 30 years imprisonment at hard labor, to be served without the benefit of probation or suspension of sentence. Defendant now appeals. For the following reasons, we affirm the conviction and sentence.

## STATEMENT OF FACTS

On August 23, 2015, in the 1100 block of Lafayette Street in Houma, Louisiana, two women were outside their home watching their children play. They observed defendant jump onto the trunk of a car near them, then jump to the hood of the car. According to the witnesses, defendant had a gun in his hand at the time and fired the weapon at someone. Defendant was subsequently arrested and charged with being a felon in possession of a firearm. At trial, defendant stipulated to having a prior conviction for a crime of violence within 10 years of the incident.

## ASSIGNMENTS OF ERROR #1, 2: EXCESSIVE SENTENCE, MOTION TO RECONSIDER

In two counseled assignments of error, defendant contends he received an excessive sentence and that the trial court erred when it denied his motion to reconsider sentence. While defendant concedes his sentence is within the range to which he was subject as a second-felony habitual offender, he argues it was constitutionally excessive when applied to him. Defendant claims that as he is 39-years old, the sentence will "likely result in him spending the rest of his natural life

in the Louisiana Department of Corrections." Additionally, defendant argues that his 2005 conviction for felon in possession of a firearm was not a crime of violence and therefore should not result in an increased habitual offender sentence. Defendant concedes, however, that he has a prior conviction for aggravated battery.[1]

The State argues defendant's "complete disregard for other's lives" and his criminal history justify his habitual offender sentence. As the sentence itself was within the statutory range, the State posits the court's sentence was not unconstitutionally excessive.

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979); **State v. Dufrene**, 2017-1496 (La. App. 1st Cir. 6/4/18), 251 So.3d 1114, 1125, vacated in part and remanded, 2018-1174 (La. 5/28/19), 273 So.3d 301. A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. **State v. Spikes**, 2017-0087 (La. App. 1st Cir. 9/15/17), 228 So.3d 201, 204. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. **State v. Ford**, 2017-0471 (La. App. 1st Cir. 9/27/17), 232 So.3d 576, 587, writ denied, 2017-1901 (La. 4/22/19), 268 So.3d 295. Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to

---

[1] Defendant was found to be a felon in possession of a firearm in the instant case based on this prior conviction.

3

consider when imposing sentence. While the entire checklist of La. Code of Crim. P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **Id**.

The articulation of the factual basis for a sentence is the goal of La. Code Crim. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. Code Crim. P. art. 894.1. **State v. Lanclos**, 419 So.2d 475, 478 (La. 1982); **State v. Ducote**, 2016-1457 (La. App. 1st Cir. 4/12/17), 222 So.3d 724, 727. The trial court should review defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. <u>See</u> **State v. Jones**, 398 So.2d 1049, 1051-52 (La. 1981); **State v. Scott**, 2017-0209 (La. App. 1st Cir. 9/15/17), 228 So.3d 207, 211, <u>writ denied</u>, 2017-1743 (La. 8/31/18), 251 So.3d 410. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **State v. Thomas**, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam); **State v. McCasland**, 2016-1178 (La. App. 1st Cir. 4/18/17), 218 So.3d 1119, 1123, <u>writ not considered</u>, 2017-0823 (La. 3/2/18), 269 So.3d 706.

Here, the trial court issued written reasons for defendant's habitual offender sentence. The court found that despite his relatively young age, defendant is a "remorseless, hardened criminal." The court noted trial testimony highlighted that defendant is a "menace to society." It found defendant's actions in the instant case troubling, and it is "by chance alone that he has not yet killed someone." The trial court observed defendant "stubbornly disregards our criminal laws" and found that

4

"[h]is refusal to acknowledge his wrongs convince this court that [defendant] will likely reoffend – and will likely do so with a gun in his hand—if a lenient sentence is imposed." The court concluded that defendant showed no unusual circumstances that would support a downward sentencing departure, and specifically found that the statutory minimum of 10 years is not a harsh enough punishment for defendant. Instead, the court found a 30-year term of imprisonment at hard labor to be appropriate under the circumstances.[2]

The trial court adequately considered the factors set forth in Article 894.1 in sentencing defendant. Considering the trial court's careful review of the circumstances and the nature of the crimes, we find no abuse of discretion by the trial court. The trial court provided sufficient justification in imposing the term of incarceration that it did. See **State v. Thomas**, 572 So.2d 681, 685 n.3 (La. App. 1st Cir. 1990), writ denied, 604 So.2d 994 (La. 1992) ("noting the well-settled proposition that sentences must be individualized to the particular offender and the offense committed, we find little value in making such sentencing comparisons").

Additionally, we note that defendant claims a lesser punishment is warranted based on his erroneous assertion that the predicate and instant felon in possession of a firearm convictions rendering him a habitual offender are non-violent status offenses. Louisiana Revised Statute 14.2(B) defines a crime of violence in part as "an offense that involves the possession or use of a dangerous weapon." This claim is without merit.

## PRO SE ASSIGNMENTS OF ERROR # 1, 2: DEFECTIVE BILL OF INFORMATION

---

[2]Although defendant does not raise the issue in his brief, we note that in sentencing defendant for the crime of possession of a firearm by a convicted felon, the trial court erroneously calculated the sentencing range for that offense. However, that sentence was vacated prior to the imposition of the sentence on the habitual offender adjudication. The trial court correctly calculated the sentencing range for the habitual offender adjudication. Thus, any error that the trial court may have committed in calculating the sentence for the crime of possession of a firearm by a convicted felon is moot.

5

In his first two pro se assignments of error, defendant argues the trial court erred when it denied his counseled motions for new trial, post-verdict judgment of acquittal, and three pro se motions in arrest of judgment. In his motions for new trial and arrest of judgment, among other claims, defendant argued the bill of information read to the jury did not specify the prior conviction upon which the instant charge was predicated. Defendant sought a mistrial on the basis of a defective bill of information after the jury had been selected, but before they had been sworn and testimony begun. See La. Code Crim. P. art. 487(A). The trial court denied the motion on the grounds defendant had been aware of the pending charges for over a year, "should have known that he was convicted of a prior felony[,]" and that to claim otherwise was "disingenuous to the Court." The trial court also highlighted the fact defendant indicated he was ready for trial by filing a motion for a speedy trial. Additionally, counsel filed an unsuccessful post-trial motion to quash raising the same claim. In his appeal, defendant repeats his arguments made below; namely, that the State failed to sufficiently identify the specific prior conviction establishing defendant as a felon to put him on notice.

On the morning of trial, defense counsel and the State filed a joint stipulation acknowledging that defendant had been previously convicted of an aggravated battery on July 28, 2005, and fewer than 10 years had elapsed between the completion of the sentence from that conviction and the date of the alleged offense for which defendant was being tried. The trial court informed the jury of the stipulation before testimony commenced.

The time for testing the sufficiency of an indictment or bill of information is before trial by way of a motion to quash or an application for a bill of particulars. **State v. Draughn,** 2005-1825 (La. 1/17/07), 950 So.2d 583, 623, cert. denied, **Draughn v. Louisiana,** 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). In

6

the instant case, defendant did not file a motion to quash the bill of information as defective until after he was convicted of the instant offense, although he did raise the issue by making a motion for a mistrial before the jury was sworn. As such, this claim is arguably waived. See La. Code Crim. P. art. 761.

Moreover, even if we consider the issue preserved, defendant cannot complain of the insufficiency of a charging instrument after the verdict unless it is so defective that it does not set forth an identifiable offense against the laws of this state, and it does not inform defendant of the statutory basis of the offense. See **State v. Cousin**, 2011-0615 (La. App. 1st Cir. 11/9/11), 2011 WL 5429566, at *2, writ denied, 2011-2730 (La. 4/9/12), 85 So.3d 696 (citing **State v. Robicheaux**, 412 So.2d 1313, 1321 (La. 1982)). Defendant fails to provide any support for his contention that he was not aware of the underlying felony the State intended to use to satisfy the required element of felon in possession of a firearm. In oral argument to the trial court, the State noted in its discovery materials that the only prior offenses mentioned were another felon in possession charge and the aggravated battery at issue. In short, defendant has not demonstrated any prejudice to his ability to present a defense.

Finally, even if the charging instrument itself did not inform defendant of the basis for the offense charged, the pre-trial stipulation to the now-contested portion clearly reflects defendant had notice as to which offense the State was referring in the bill of information, and he chose not to controvert that element at trial. Defendant does not show an abuse of discretion. Accordingly this claim is without merit.

## PRO SE ASSIGNMENT OF ERROR #3: INSUFFICIENT EVIDENCE

In his third pro se assignment of error, defendant contends that the State failed to prove beyond a reasonable doubt that the 10-year cleansing period

7

imposed by La. R.S. 14:95.1(C) had not elapsed from the completion of his sentence on the aggravated battery conviction and the commission of the instant offense.[3]

A conviction based on insufficient evidence cannot stand, as it violates Due Process. See U.S. Const. amend. XIV; La. Const. art. I, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); see also **State v. Ordodi**, 2006-0207 (La. 11/29/06), 946 So.2d 654, 660; **State v. Kitts**, 2017-0777 (La. App. 1st Cir. 5/10/18), 250 So.3d 939, 948. The **Jackson** standard of review, incorporated in La. Code Crim. P. art. 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt.

Defendant asserts that in order to prove that the 10-year cleansing period has not elapsed, the State must present evidence of the date of termination of his sentence for aggravated battery. He points out that the actual date of the completion of the punishment for the aggravated battery charge is not set forth in the stipulation submitted into evidence.

In proving every element of the offense of felon in possession of a firearm, the State must prove not only the felony conviction, but the date of completion of the punishment. **State v. Dennis**, 569 So.2d 566, 568 (La. App. 1st Cir. 1990). A stipulation, however, has the effect of withdrawing a fact from issue and disposing wholly with the need for proof of that fact. **State v. Simmons**, 2000-35 (La. App.

---

[3] Paragraph C of La. R.S. 14:95.1 provides in pertinent part that the prohibition for possession of a firearm by a felon "shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, suspension of sentence."

5 Cir. 7/25/00), 767 So.2d 860, 861. Stating that "[a] stipulation, like any other evidence, speaks for itself[,]" the court in **State v. McKnight**, 2009-1186 (La. App. 4th Cir. 4/14/10), 37 So.3d 1050, 1053, writ denied, 2010-1012 (La. 6/25/10), 38 So.3d 356, reversed the defendant's conviction because the stipulation failed to address the 10-year cleansing period. In **State v. Coleman**, 2009-0106 (La. App. 3d Cir. 10/07/09), 20 So.3d 1163, 1166, writ denied, 2009-2424 (La. 6/4/10), 38 So.3d 298, the court likewise found proof of the 10-year cleansing period element lacking and reversed defendant's conviction under La. R.S. 14:95.1 because "[t]he wording of the stipulation did not address the ten-year cleansing period, and no other evidence established that it had not passed." Such is not the case in the matter before us.

In the joint stipulation, the parties expressly stated that fewer than 10 years had elapsed between the completion of sentence from that conviction [of aggravated battery] and the instant offense's date of commission. On the morning of the trial, the trial court informed the jury that the State and defendant stipulated that on July 28, 2005, defendant was convicted of aggravated battery, which is a crime of violence, and that less than 10 years had elapsed from the completion of his sentence, probation, or parole, and the time of the present alleged offense. Hence, the parties' stipulation expressly addressed the issue of the 10-year cleansing period. Therefore, considering that stipulation and the evidence presented, we find any rational trier of fact could have found all of the essential elements of the offense of possession of a firearm by a convicted felon were proven beyond a reasonable doubt. This assignment is without merit.

## CONCLUSION

For the foregoing reasons, defendant's conviction and sentence are affirmed.

**AFFIRMED.**

9